Andrea Breinholt (OSB No. 092975)
Staff Attorney
NALIKO MARKEL, TRUSTEE
P. O. Box 467
Eugene, OR 97440-0467
Telephone: (541) 343-1556

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

In re:

Lori D. Baczkowski,

Debtor.

Case No. 15-62839-fra13

**TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS**

NALIKO MARKEL, trustee, objects to confirmation of the debtor's chapter 13 plan dated 8/20/15 (docket #13; filed 8/31/15). The reasons for objection are:

1. **Plan Payments**. The debtor has not made her first plan payment of $900, which came due on 9/19/15.

2. **Feasibility / Income Issues**.

a. *Arrearage claim*. In Plan Paragraph 2(b)(1) the debtor proposes to pay Bank of New York Melon's pre-petition arrearage claim, estimated at $61,884. Including the trustee's commission, approximately $67,500 will need to be paid through the plan within the five year period that the plan is allowed to run. The proposed plan payments of $900 per month for five years total $54,000, leaving a deficit of about $13,500.

b. *Business Income*. The debtor owns and operates her own house cleaning business. She has filed an Exhibit D-2 that outlines the business income and expenses. The D-2 shows an annual net operating loss of $5,255 – or $438 per month. The debtor also includes

PAGE 1 OF 4 – TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS

$927 in gross income as wages on line 2 of Schedule I; however, it appears that this income is also from the house cleaning business (the debtor has deducted operating expenses for the business on line 5h). The D-2 does not indicate that the debtor pays herself a wage. With the inconsistencies in the paperwork, the trustee cannot determine whether the business is profitable, how much net income the debtor receives from the business, or whether the plan is feasible.

    c. *Rental Income*. The debtor includes $1,200 in rental income on Schedule I, line 8(a). She testified at the meeting of creditors that this income will end in January 2016. The plan does not appear to be feasible without that income.

    d. *Mortgage payments*. The debtor testified that she intends to retain the real property and make the ongoing payments once the correct servicer can be identified (see Adv. Proc. 15-06085-fra). However, Schedule J does not account for this mortgage payment. (The $895 expense on line 4 is the rent payment for her residence.)

    e. *Plan payments to Bank of New York Melon*. Paragraph 2(b)(1) of the Plan provides that the Bank shall be paid $900 each month on its arrearage claim. After deducting the trustee's commission, the trustee cannot pay $900 to the Bank if the plan payments are $900.

    3. **Other Document Deficiencies**. The trustee believes the following issues should be resolved before the plan is confirmed:

    a. On Schedule A the debtor has valued her real property at $46,000. At the meeting of creditors she testified that the value is closer to $250,000.

    b. On Schedule B the debtor has not provided a description of each of the types of property listed on the Schedule. The trustee reserves the right to reexamine the best interest number in light of the amended Schedules, when filed.

    c. Schedule I, line 8h, should be amended to reflect the $200 monthly contributions that each of the debtor's children contribute the household expenses.

d. In Statement of Financial Affairs #1 the debtor lists only "$5,793 – House Cleaning DBA". She does not indicate which year these funds were received or what her income was for the other years within the two year period preceding the bankruptcy filing.

e. Form 22C indicates that the debtor has below median income. As such, Plan Paragraphs 1(c) and 7 should have the 36 month boxes checked rather than the 60 month boxes.

f. Plan Paragraphs 2(b)(2), 2(b)(5), 3, and 4 are all blank.

4. **Further Documentation Needed**. The trustee requests copies of the following documents:

a. Most recent real property tax statement from Josephine County.

b. Copies of the debtor's bank statements for all bank accounts for the two months prior to filing, covering the date of filing (8/20/15).

c. Signed copies of the debtor's 2014 tax returns.

d. A copy of the debtor's business registration with the state.

5. **Motion to Dismiss**. The trustee moves the court for an order dismissing this case if a plan cannot be confirmed within a reasonable time.

DATED this 16th day of October, 2015.

                NALIKO MARKEL, TRUSTEE

                By: /s/ Andrea Breinholt
                    Andrea Breinholt, OSB No. 092975
                    Staff Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2015, I served a copy of the foregoing TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS by mailing a copy of this document by United States first-class mail, postage prepaid, and addressed to the following:

        Lori D. Baczkowski
        1025 NE Fall Drive
        Grants Pass, OR 97526

        NALIKO MARKEL, TRUSTEE

By: /s/ Andrea Breinholt
    Andrea Breinholt, OSB No. 092975
    Staff Attorney